**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Dakota Access, LLC, | ) | **ORDER GRANTING DEFENDANTS** |
| | ) | **ARCHAMBAULT, EDWARDS,** |
| Plaintiff, | ) | **YELLOW FAT, WOLF NECKLACE,** |
| | ) | **AND HOLLOW'S MOTIONS** |
| vs. | ) | **TO DISMISS** |
| | ) | |
| Dave Archambault, II, Jonathan Edwards, | ) | Case No. 1:16-cv-296 |
| Dana Yellow Fat, Valerie Dawn | ) | |
| Wolf Necklace, Clifton Verle Hollow, | ) | |
| Donald Dennis Strickland, Aaron Gabriel | ) | |
| Neyer, John & Jane Does, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is Defendants Dave Archambault II and Dana Yellow Fat's motion to dismiss filed on September 15, 2016. See Docket No. 41. Plaintiff Dakota Access, LLC responded on October 6, 2016. See Docket No. 47. Defendants Archambault II and Yellow Fat replied on October 18, 2016. See Docket No. 48. Also before the Court is Defendants Clifton Verle Hollow and Valerie Dawn Wolf Necklace's motion to dismiss filed on October 20, 2016. See Docket No. 50. Plaintiff Dakota Access, LLC responded on November 10, 2016. See Docket No. 55. Also before the Court is Defendant Jonathan Edwards' motion to dismiss filed on November 7, 2016. See Docket No. 53. Plaintiff Dakota Access, LLC responded on November 28, 2016. See Docket No. 56. For the reasons set forth below, the Defendants' motions are granted.

**I.    BACKGROUND**

Plaintiff Dakota Access, LLC ("Dakota Access") filed this lawsuit against seven named defendants, as well as several John and Jane Does. These defendants include Dave

Archambault II, the Chairman of the Standing Rock Sioux Tribe of North Dakota, and Dana Yellow Fat, a member of the Tribal Council. Other named defendants include Valerie Dawn Wolf Necklace, Clifton Verle Hollow, and Jonathan Edwards. Dakota Access is seeking damages, injunctive relief, and declaratory judgment stemming from protests against construction of the Dakota Access Pipeline in Morton County, North Dakota. In addition, Dakota Access alleges Defendants Wolf Necklace, Hollow, and Edwards trespassed by unlawfully entering Dakota Access' private property. See Docket No. 1.

On September 15, 2016, Defendants Archambault and Yellow Fat moved to dismiss Dakota Access' claims pursuant to Federal Rule 12(b)(1) for lack of subject-matter jurisdiction, because Plaintiff has failed to plausibly allege an adequate amount in controversy for diversity jurisdiction in federal court. See Docket No. 41. On October 20, 2016, Defendants Wolf Necklace and Hollow moved to dismiss Dakota Access' claims pursuant to Federal Rule 12(b)(1) for lack of subject-matter jurisdiction. See Docket No. 50. On November 7, 2016, Defendant Edwards moved to dismiss Dakota Access' claims pursuant to Federal Rule 12(b)(1) for lack of subject-matter jurisdiction. See Docket No. 53.

## II.   LEGAL DISCUSSION

A complaint should be dismissed under Rule 12(b)(1) where a court lacks subject matter jurisdiction over the dispute. 28 U.S.C. § 1332(a)(1) provides that district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. Whether a plaintiff satisfies the minimum amount in controversy requirement is a jurisdictional question for the court to decide. Trimble

v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000).  If it appears that the value of the claim is less than $75,000, the complaint must be dismissed.  Id.  This Court has an obligation to determine that it has subject matter jurisdiction.

It is well-settled that the party invoking federal jurisdiction bears the burden of proving the jurisdictional requirements.  Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969).  Once a defendant challenges the amount in controversy, the plaintiff has the burden of proving that its claims meet the minimum by a preponderance of the evidence.  Bergstrom v. Burlington N. R.R., 895 F. Supp. 257, 258 (D.N.D. 1995); see also Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC, 620 F.3d 926, 931 (8th Cir. 2010) ("If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence.").

### A. Defendants Archambault and Yellow Fat

The complaint, on its face, alleges no causes of action against either Chairman Archambault or Councilman Yellow Fat for monetary damages.  Neither Chairman Archambault nor Councilman Yellow Fat are jointly and severally liable with all protestors for the intentional tort of trespass.  As a general rule, claims against multiple defendants cannot be aggregated to reach the amount in controversy unless the defendants are jointly liable.  See 15-102 Moore's Federal Practice – Civil § 102.108; Sovereign Camp Woodmen of World v. O'Neill, 266 U.S. 292, 295 (1924).

There is no plausible showing Dakota Access has made to show the alleged losses proximately caused by Chairman Archambault and Councilman Yellow Fat are in excess of

$75,000.  Further, the claim for injunctive relief similarly does not meet the required amount in controversy.  For the purposes of determining the amount in controversy where only non-monetary relief is sought, the value is determined by looking at the pecuniary effect that an adverse decision would have on either party.  See Adams v. Am Family Mut. Ins. Co., 981 F.Supp. 2d 837, 849 (S. D. Iowa 2013) ("costs incurred by a defendant in complying with an injunction . . . constitute appropriate considerations in determining the amount in controversy."); see also Bergstrom, 895 F. Supp. 257, 262 (D.N.D. 1995) (holding that the value of equitable relief counts toward the amount in controversy requirement).

More important, the claims of a plaintiff cannot be aggregated across all defendants. Sovereign Camp Woodmen of World v. O'Neill, 266 U.S. 292, 295 (1924). Dakota Access cannot aggregate the alleged harm from all pipeline protestors in calculating the value of an injunction against individuals acting independently.  Further, even if Dakota Access retained a valid claim for an injunction against Chairman Archambault and Councilman Yellow Fat, the costs of their individual compliance with the injunction cannot plausibly be calculated in excess of $75,000.

The complaint does not allege a claim for damages against Chairman Archambault and Councilman Yellow Fat, and because there is no plausible scenario in which the value of an injunction against Archambault and Yellow Fat exceeds the $75,000 statutory requirement, this Court lacks subject matter jurisdiction over the Plaintiff's claims against Defendants Archambault and Yellow Fat.  The Court notes that Dakota Access is not left without a valid remedy at law.  If Dakota Access seeks to pursue a claim for damages against these two named defendants, it can easily pursue such a claim in state court.

4

### B.  Defendants Wolf Necklace, Hollow, and Edwards

Similarly, there is no plausible showing that Defendants Wolf Necklace, Hollow, and Edwards proximately caused losses in excess of $75,000.  While Dakota Access asserts that its damages from one day of lost pipeline construction exceed $75,000, it has not provided specific facts or calculations demonstrating how it derived this estimate of damages, and it has not provided a factual or legal basis for attributing those losses to Defendants Wolf Necklace, Hollow, or Edwards.  Dakota Access' assertions that the Defendants proximately caused it losses of over $75,000 are the kind of "naked assertion[s] devoid of further factual enhancement," which are insufficient to form the basis of a complaint.  Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 769 (8th Cir. 2012).

"Only those losses proximately caused by unlawful conduct [of an individual] may be recovered."  See NAACP v. Claiborne Hardware Co., 458 U.S. 886, 918 (1982).  With respect to Defendants Wolf Necklace and Hollow, Dakota Access alleges that on August 11, 2016, they jumped a fence and rushed toward Dakota Access' equipment at the construction site, at which point law enforcement officers chased and apprehended them.  With respect to Defendant Edwards, Dakota Access alleges that On August 10, 2016, he and approximately 100 other protestors erected obstructions near the job site.  Dakota Access also alleges Edwards chained himself to a fence at the site.  Ultimately, Dakota Access elected to halt construction activities and notify law enforcement.  Even if taken as true, these allegations are insufficient to provide the basis for a claim in excess of $75,000 in damages.  Dakota Access has failed to sustain its burden of proof and has failed to make a plausible showing that losses proximately caused by

Defendants Wolf Necklace, Hollow, and Edwards are in excess of $75,000. As previously noted, Dakota Access is not left without a legal remedy. A claim for damages can be pursued against these defendants in state court.

### III.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and the relevant case law. For the reasons set forth above, the Court **GRANTS** the Defendants' motions to dismiss (Docket No. 41, Docket No. 50, and Docket No. 53).

**IT IS SO ORDERED.**

Dated this 18th day of May, 2017.

>                         */s/  Daniel L. Hovland*
>                         Daniel L. Hovland, Chief Judge
>                         United States District Court